**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| FIREBIRDS INTERNATIONAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:17-cv-2719 |
| vs. ) | |
| ) | |
| FIREBIRD RESTAURANT GROUP, LLC, and ) | **JURY TRIAL DEMANDED** |
| FIREBIRD IP, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF FIREBIRDS INTERNATIONAL, LLC'S ORIGINAL COMPLAINT

Plaintiff Firebirds International, LLC ("Firebirds" or "Plaintiff"), by and through the undersigned counsel, and in support of this Complaint against Defendants Firebird Restaurant Group, LLC and Firebird IP, LLC (collectively, "FRG" or "Defendants"), do hereby allege and aver as follows:

### NATURE OF THE ACTION

1. Plaintiff Firebirds brings this action for trademark infringement, false designation of origin and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and for common law trademark infringement, unfair competition, and unjust enrichment arising from Defendants' unlawful conduct in knowingly and intentionally adopting a trademark that is confusingly similar, if not identical, to Firebirds' trademarks.

## PARTIES

2. Plaintiff Firebirds is a limited liability company organized and existing under the laws of North Carolina with its principal place of business located at 13850 Ballantyne Corporate Parkway, Suite 450, Charlotte, North Carolina, 28277.

3. Firebirds owns and operates over 40 restaurants under the FIREBIRDS® mark throughout the United States, including the east coast from Florida to New Jersey and Pennsylvania, across the Midwest to Nebraska and Kansas, and as far west as Arizona.

4. Upon information and belief, Defendant Firebird Restaurant Group, LLC is a limited liability company organized and existing under the laws of Texas, with its principal place of business located at 2414 N. Akard Street, Suite 500, Dallas, Texas, 75201.

5. Upon information and belief, Defendant Firebird IP, LLC is a limited liability company organized and existing under the laws of Texas, with its principal place of business located at 2414 N. Akard Street, Suite 500, Dallas, Texas, 75201.

6. Upon information and belief, Defendants own and operate restaurants throughout Northern Texas and in Southern Oklahoma and also operate an online store that sells and ships food items from its restaurants everywhere that its website is accessible.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the Lanham Act, 15 U.S.C. § 1121(a), *et seq*.

8. This Court has jurisdiction over Plaintiff's claims under the laws of the State of Texas based upon principles of supplemental jurisdiction and in accordance with 28 U.S.C. § 1367(a), in that the state law claims under Texas are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9.  This Court has *in personam* jurisdiction over Defendant Firebird Restaurant Group, LLC as Defendant Firebird Restaurant Group, LLC is a limited liability company conducting business in this state and in this district and division. Further, it offers products and services in this state and in this district and division directly, as well as by advertising and marketing its services and products through its website and other means. Defendant Firebird Restaurant Group, LLC's activity is directly related to the advertising, marketing and offering of its services and products in this state and in this district and division by making unauthorized and infringing use of Plaintiff Firebirds' trademarks.

10. This Court has *in personam* jurisdiction over Defendant Firebird IP, LLC as Defendant Firebird IP, LLC is a limited liability company conducting business in this state and in this district and division. Further, it offers products and services in this state and in this district and division directly, as well as by advertising and marketing its services and products through its website and other means. Defendant Firebird Restaurant Group, LLC's activity is directly related to the advertising, marketing and offering of its services and products in this state and in this district and division by making unauthorized and infringing use of Plaintiff Firebirds' trademarks.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that the defendants are entities that have their principal places of business in this district and because a substantial part of the events giving rise to Firebirds' claims occurred in this district.

## STATEMENT OF FACTS

12. Firebirds opened its first restaurant under its FIREBIRDS® mark on or about November 15, 2000.

13.     Since 2000, Firebirds has grown its collection of restaurants to over 40 restaurants owned and operated by Firebirds under the FIREBIRDS® mark across the United States.

14.     Firebirds continues to expand and grow its collection of restaurants, opening several restaurants each year in new states and markets.  Firebirds has plans to open restaurants in Texas and Oklahoma as early as next year.

15.     Firebirds filed a federal intent-to-use trademark application on March 17, 1998 for "FIREBIRDS" in connection with restaurant services.  The mark was registered on the Principal Register of the United States Patent and Trademark Office ("Trademark Office") on December 18, 2001, as United States Trademark Registration No. 2,520,492 ("FIREBIRDS® Mark").  The registration has been renewed as required and is incontestable pursuant to 15 U.S.C. § 1065.  A copy of the registration is attached as Exhibit 1.

16.     At all times since November 15, 2000, Firebirds has used the FIREBIRDS® Mark in interstate commerce in connection with its restaurant services.

17.     In addition to its FIREBIRDS® Mark, Firebirds owns four related incontestable registrations and two related applications: FIREBIRDS WOOD FIRED GRILL for restaurant services, United States Trademark Registration No. 3,526,745 (attached as Exhibit 2); FIREBIRDS FIREBAR for bar and restaurant services, United States Trademark Registration No. 3,515,874 (attached as Exhibit 3); FIREBIRDS for wine, United States Trademark Registration No. 2,834,642 (attached as Exhibit 4); FIREBIRDS + design for restaurant and bar services and for wine United States Trademark Registration No. 2,865,101 (attached as Exhibit 5); FIREBIRDS INNER CIRCLE for restaurant services and consumer loyalty program for restaurant patrons, Serial No. 87/119,530 (attached as Exhibit 6); and FB + design for restaurant

and bar services, Serial No. 87/122,639 (attached as Exhibit 7) (collectively, the "FIREBIRDS® Family of Marks").

18. Firebirds continually uses its FIREBIRDS® Family of Marks on signage, menus, flyers, print advertisements, television advertisements, radio advertisements, internet advertisements, promotional items, event and charity sponsorships, and social media, among other uses.

19. Firebirds' collection of restaurants has garnered national publicity for its growing and continued success, including being named one of ten "Breakout Brands" by *Nation's Restaurant News* in 2014.

20. Firebirds first became aware of FRG in June 2008 when an industry colleague sent Firebirds' co-founder, Doug Glendenning, a news article about the purchase of the El Fenix restaurant chain by Defendant, which appeared to be using "Firebird Restaurant Group" as a business entity trade name, but not as a trademark at that time. The industry colleague noted the confusing similarity of the "Firebird Restaurant Group" trade name to Firebirds.

21. On June 18, 2008, Firebirds' co-founder, Dennis Thompson, sent a letter to Defendants' principal, Mike Karns, informing Mr. Karns of Firebirds' rights in the FIREBIRDS® name and of instances of confusion from Mr. Karns' use of "Firebird Restaurant Group" as his business's name. At that time, Firebirds had no reason to believe that Defendants or their affiliates were making any trademark use of the name "Firebird," nor had any intention to do so in the future.

22. Upon information and belief, Defendants commissioned a trademark clearance search in July 2013, and their trademark attorney again informed Defendants of Firebirds' FIREBIRDS® Family of Marks.

23. On November 5, 2013, Defendant Firebird IP, LLC filed an intent-to-use application with the Trademark Office for the mark FIREBIRD RESTAURANT GROUP + design ("Firebird Restaurant Group Mark") for "restaurant management services for others," Serial No. 86/110,740 ("FRG Application"). Defendants' FRG Application is attached as Exhibit 8.

24. Upon filing, the trademark examining attorney issued a refusal of the FRG Application under Trademark Act Section 2(d) for likelihood of confusion citing Firebirds' FIREBIRDS® Family of Marks. With respect to the similarity of the parties' marks, the trademark examining attorney found that the Firebird Restaurant Group Mark was "essentially identical" to Firebirds' FIREBIRDS® Family of Marks and that the parties' services were so closely related that "consumers are likely to encounter the services and marks of both parties" and "are likely to confuse the marks and mistake the underlying sources of the parties' services."

25. Defendant Firebird IP, LLC filed a response arguing against the trademark examining attorney's initial refusal.

26. On August 23, 2014, one day after Defendant Firebird IP, LLC filed its response, the trademark examining attorney issued a Final Refusal Office Action rejecting Defendant Firebird IP, LLC's arguments, finding that they were "not successfully persuasive."

27. On February 23, 2015, Defendant Firebird IP, LLC filed an ex parte appeal to the Trademark Trial and Appeal Board ("TTAB") and a Request for Reconsideration after Final Office Action with the Trademark Office. The appeal was suspended and the FRG Application was remanded to the trademark examining attorney pending the outcome of the Request for Reconsideration.

28. For no reason appearing on the record, the trademark examining attorney approved the FRG Application for publication, and on March 25, 2015, it was published for opposition.

29. Firebirds promptly filed a request with the TTAB to extend the time to oppose the FRG Application on April 14, 2015, which was granted until June 13, 2015.

30. On June 1, 2015, Firebirds timely filed a Notice of Opposition with the TTAB to oppose the FRG Application on the basis of priority and likelihood of confusion under Trademark Act Section 2(d), which is presently pending.

31. Through discovery in the TTAB proceeding, Firebirds learned that Defendants are in fact currently using the Firebird Restaurant Group Mark in connection with restaurant services, among other services, including on menus, websites, and social media, among other things.

32. Firebirds has expended substantial sums of money in advertising and publicizing its FIREBIRDS® Family of Marks which, together with the use of these marks, has resulted in the acquisition of substantial goodwill.

33. Upon information and belief, Firebirds' services and Defendants' services travel through the same or similar trade channels and are marketed to the same or similar types of customers.

34. Upon information and belief, Defendants adopted the Firebird Restaurant Group Mark with actual knowledge of Firebirds' registrations and prior use of its FIREBIRDS® Family of Marks for the same or similar services.

35. Firebirds has experienced actual confusion between its FIREBIRDS® Family of Marks and Defendants' Firebird Restaurant Group Mark.

36. On August 30, 2016, Firebirds received four letters addressed to four of Defendant Firebird Restaurant Group, LLC's executives at Firebirds' corporate headquarters in Charlotte, North Carolina.

37. On November 1, 2016 and again on November 4, 2016, Defendants' account manager at Adobe Systems, Inc. emailed Firebirds' Vice President of Marketing, Stephen Loftis, requesting a meeting to discuss Defendants' account, also confusing Firebirds with Defendants.

38. As of at least December 7, 2016, Firebirds' registered trademark was being applied to job postings for FRG on the employment website Glassdoor.com.

39. On March 10, 2017, a different member of the account team at Adobe Systems, Inc. supporting Defendants emailed Firebirds' Vice President of Marketing, Mr. Loftis, again requesting a meeting to discuss Defendants' account, and again confusing Firebirds with Defendants.

40. On July 14-18, 2017, Firebirds' Director of Learning, Tammy Calhoun, attended a conference hosted by the Council of Hotel and Restaurant Trainers ("CHART") in California. The conference is exclusively for CHART members, who are all hotel and restaurant training professionals. While attending the CHART conference, Ms. Calhoun was approached by 6-7 people attending the conference who believed that Firebirds had recently acquired several new restaurant brands.

41. In fact, it was Defendants who had recently acquired new brands, not Firebirds; but these industry professionals had mistakenly confused Defendants' business activities as that of Firebirds.

42. An employee or representative of Defendants, Ashley Helkenn, was also in attendance at the CHART conference, and Ms. Helkenn stated to Ms. Calhoun that several

attendees at the conference believed that she was a colleague of Ms. Calhoun and an employee of Firebirds, when in fact she was an employee of Defendants.

43. On September 26, 2017, a marketing agency, Simmer Group, emailed Firebirds Chief Executive Officer Mark Eason, stating he had read a lot about Defendant "Firebird Restaurant Group", and wanting to set up a call with Firebirds to learn more about Defendants' brand, again confusing Defendants with Firebirds.

44. Upon learning that Defendants are in fact currently using the infringing Firebird Restaurant Group Mark in connection with restaurant services and in a manner that is resulting in actual confusion, Firebirds filed claims of trademark infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices under federal and state laws against Defendants in the Western District of North Carolina on November 8, 2016 ("North Carolina Action").

45. On December 13, 2016, Defendants filed a Motion to Dismiss the North Carolina Action.

46. On October 2, 2017, the District Court for the Western District of North Carolina dismissed the North Carolina Action for lack of personal jurisdiction over Defendants.

## COUNT I – Federal Trademark Infringement
## 15 U.S.C. § 1114

47. Paragraphs 1-46 are incorporated herein by reference as though set forth in their entirety.

48. Plaintiff is the owner of the incontestable Registration No. 2,520,492 for the word mark FIREBIRDS®. This mark was registered on December 18, 2001 in connection with restaurant services in International Class 042 and has been used in commerce since at least as early as November 15, 2000.

49. Plaintiff is also the owner of related incontestable registrations for FIREBIRDS WOOD FIRED GRILL® for restaurant services, FIREBIRDS FIREBAR® for bar and restaurant services, FIREBIRDS® for wine, and FIREBIRDS + design for restaurant and bar services and for wine.

50. Plaintiff is also the owner of the related applications FIREBIRDS INNER CIRCLE for restaurant services and consumer loyalty program for restaurant patrons and FB + design for restaurant and bar services.

51. Defendants, without consent from Plaintiff, adopted, used and are currently using in commerce, their infringing Firebird Restaurant Group Mark, in connection with restaurant services, among other services.

52. Defendants' use of the infringing Firebird Restaurant Group Mark in connection with the sale, offering for sale, and advertising of Defendants' services is likely to cause confusion, mistake or deception with respect to the source of the goods and services and therefore constitutes trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)).

53. Defendants' use of the infringing Firebird Restaurant Group Mark has, in fact, caused actual confusion with respect to the source of Defendants' goods and services.

54. Plaintiff has been damaged, and in the absence of relief from this Court, will continue to be damaged by Defendants' use of the infringing Firebird Restaurant Group Mark in connection with restaurant and services, among other services.

### COUNT II – Federal Unfair Competition
### 15 U.S.C. § 1125

55. Paragraphs 1-54 are incorporated herein by reference as though set forth in their entirety.

56. Defendants have used, and are using, in commerce, in connection with the sale, offer for sale, and advertising of services, the infringing Firebird Restaurant Group Mark in such a manner as is likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, or falsely designate the origin, sponsorship, or approval of Defendants' goods, services or other commercial activities by Plaintiff in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

57. Defendants' use of the infringing Firebird Restaurant Group Mark has, in fact, caused actual confusion with respect to the source of Defendants' goods and services.

58. Plaintiff has been damaged, and in the absence of relief from this Court, will continue to be damaged by Defendants' use of the infringing Firebird Restaurant Group Mark in connection with restaurant and services, among other services.

## COUNT III – Common Law Trademark Infringement

59. Paragraphs 1-58 are incorporated herein by reference as though set forth in their entirety.

60. The activities of Defendants as described in this Complaint are likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, or falsely designate the origin, sponsorship, or approval of Defendants' goods, services or other commercial activities by Plaintiff.

61. The activities of Defendants as described in this Complaint constitute trademark infringement in violation of common law.

62. The activities of Defendants as described in this Complaint have caused, and are causing, great and irreparable harm and damage to Plaintiff, and unless permanently restrained by this Court, such irreparable injury will continue.

## COUNT IV – Common Law Unfair Competition

63. Paragraphs 1-62 are incorporated herein by reference as though set forth in their entirety.

64. The activities of Defendants as described in this Complaint are likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, or falsely designate the origin, sponsorship, or approval of Defendants' goods, services or other commercial activities by Plaintiff.

65. The activities of Defendants as described in this Complaint constitute unfair competition in violation of common law.

66. The activities of Defendants as described in this Complaint have caused, and are causing, great and irreparable harm and damage to Plaintiff, and unless permanently restrained by this Court, such irreparable injury will continue.

## COUNT V – Unjust Enrichment

67. Paragraphs 1-66 are incorporated herein by reference as though set forth in their entirety.

68. The activities of Defendants as described in this Complaint have unjustly enriched Defendants through the receipt of monies resulting from their unlawful use of the infringing Firebird Restaurant Group Mark in connection with restaurant services.

69. Defendants' receipt of monies came, and continues to come, through their own, active efforts in adopting and using the infringing Firebird Restaurant Group Mark in connection with restaurant services to the detriment of Plaintiff's rights in and to its FIREBIRDS trademarks.

70. Defendants' profiting through use of the infringing Firebird Restaurant Group Mark is knowing and intentional and continues to occur notwithstanding actual and constructive notice to them of Plaintiff's rights to its FIREBIRDS trademarks.

71. By reason of the foregoing, Defendants have unjustly enriched themselves in an unknown amount, which has caused Plaintiff to suffer damages for which Plaintiff requests equitable relief in the form of disgorgement of all monies received by Defendants resulting from the sale of goods and services using the infringing Firebird Restaurant Group Mark.

## CONDITIONS PRECEDENT

72. All conditions precedent to Plaintiff's recovery on the claims alleged herein have been performed or have occurred.

## PRAYER FOR RELIEF

WHEREFORE, Firebirds respectfully prays for judgment against Defendants as follows:

A. Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have engaged in trademark infringement and unfair competition under Texas common law; and (iv) Defendants have been unjustly enriched in violation of Texas common law;

B. That this Court permanently enjoin Defendants, their agents, servants, employees, and attorneys and all those in active concert or participation with Defendants;

   1) from using any trademark, service mark, logo, trade name, domain name or designation confusingly similar to the FIREBIRDS® Mark owned by Firebirds;

   2) from otherwise infringing Firebirds' trademark rights; and

3) from engaging in any other activity constituting unfair competition with Firebirds, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of the FIREBIRDS® Mark.

C. That Firebirds be awarded judgment for damages against Defendants resulting from their violation of Section 32(a) of the Lanham Act (15 U.S.C. § 1114(a)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), for federal trademark infringement and federal unfair competition, respectively, in an amount to be fixed by the Court, which in its discretion it finds just, including:

1) all profits received by Defendants from sales and revenues of any kind as a result of the actions complained of in this Complaint;

2) all damages sustained by Firebirds as a result of Defendants' acts of infringement and unfair competition, and that such damages be trebled, including damages resulting from losses sustained by Firebirds equivalent to a reasonable royalty and corrective advertising cost;

D. That, because of the deliberate and willful actions of Defendants, this action be designated an exceptional case, thereby entitling Firebirds to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Firebirds as a result of this action, pursuant to 15 U.S.C. § 1117, and that Firebirds be awarded such relief;

E. That Firebirds be awarded judgment for damages resulting from Defendants' common law trademark infringement;

F. That Firebirds be awarded judgment for damages resulting from Defendants' common law unfair competition;

G. That Firebirds be awarded judgment for damages resulting from Defendants' unjust enrichment;

H. That Firebirds be awarded pre-judgment interest on any monetary award made part of the judgment against Defendants;

I. That this Court award any and all relief not here enumerated that this Court deems just and equitable; and

J. That all triable issues of fact be brought before a jury.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Firebirds requests a trial by jury in this matter.

This the 4th day of October, 2017.

Respectfully submitted,

 /s/ Shannon Zmud Teicher
Shannon Zmud Teicher (TSBN 24047169)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Phone: (214) 953-5987
steicher@jw.com

W. Thad Adams, III (N.C. Bar No. 000020)
(*Pro Hac Vice to be submitted*)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
Telephone: 704-945-2901
Fax: 704-332-1197
Email: tadams@slk-law.com

*Attorneys for Plaintiff Firebirds International, LLC*