**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| FIREBIRDS INTERNATIONAL, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-02719-B |
| FIREBIRD RESTAURANT GROUP, LLC, FIREBIRD IP LLC, and MICHAEL D. KARNS | § § § § § | |
| Defendants. | | |

**DEFENDANTS FIREBIRD RESTAURANT GROUP LLC, FIREBIRD IP LLC, AND MICHAEL D. KARNS' MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF ROBERT HUTCHINS**

Respectfully submitted,

By: */s/ Richard A. Illmer*_____
    Richard A. Illmer
    Texas Bar No. 24007574
    Rick.Illmer@huchblackwell.com

**HUSCH BLACKWELL, LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
Dustin L. Taylor
Texas Bar No. 24088510
Dustin.Taylor@huschblackwell.com
**HUSCH BLACKWELL, LLP**
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606-3912
(312) 526-1517
(312) 655-1501 (*facsimile)*

**ATTORNEYS FOR DEFENDANTS
FIREBIRD RESTAURANT GROUP LLC,
FIREBIRD IP LLC, and MICHAEL D. KARNS**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I. INTRODUCTION ........................................................................................................... 1

II. EXPERT TESTIMONY SHOULD BE EXCLUDED WHEN IT IS
UNRELIABLE OR IRRELEVANT. ............................................................................... 2

III. MR. HUTCHINS' OPINIONS SHOULD BE EXCLUDED BECAUSE THEY
ARE BASED ON AN INCORRECT STATEMENT OF LAW. ..................................... 3

IV. MR. HUTCHINS' ROYALTY OPINIONS SHOULD BE EXCLUDED. ...................... 6

    A. Mr. Hutchins Conducted His Analysis Using the Wrong Hypothetical
Negotiation Date ................................................................................................... 6

    B. Mr. Hutchins Did Not Tie His Proposed Reasonable Royalty Rate to the
Facts of this Case. ................................................................................................. 8

V. CONCLUSION ................................................................................................................ 9

CERTIFICATE OF SERVICE ................................................................................................... 10

DocID: 4840-1565-8369.4

## TABLE OF AUTHORITIES

**Page**

**Cases**

*A & L Labs, Inc. v. Bou-Matic LLC*,
   No. CIV.02-4862(PAM/RLE),
   2004 WL 1745865 (D. Minn. Aug. 2, 2004) ............................................................................... 6

*Cassidian Comm'n Inc. v. Microdata GIS Inc.*,
   No. 2:12-CV-00162-JRG,
   2013 WL 11322510 (E.D. Tex. Dec. 3, 2013) .............................................................................. 7

*Choice Hotels Int'l Inc. v. Goldmark Hosp. LLC*,
   No. 3:12-CV-0548-D,
   2014 WL 642731 (N.D. Tex. Feb. 19, 2014) ............................................................................... 8

*Crow v. United Benefit Life Ins. Co.*,
   No. CIV. A. 3:00CV1375G,
   2001 WL 285231 (N.D. Tex. March 16, 2001) ........................................................................... 2

*Daubert v. Merrell Dow Pharm. Inc.*,
   509 U.S. 579 (1993) ............................................................................................................. 2, 3, 8

*Exmark Mfg. Co. v. Briggs & Stratton*,
   879 F.3d 1332 (Fed. Cir. 2018) ................................................................................................... 8

*Gulfstream III Assocs. Inc. v. Gulfstream Aerospace Corp.*,
   995 F.2d 425 (3d Cir. 1993) ........................................................................................................ 4

*Hebert v. Lisle Corp.*,
   99 F.3d 1109 (Fed. Cir. 1996) ..................................................................................................... 3

*Huawei Techs. Co. v. Samsung Elecs. Co.*,
   No. 3:16-CV-02787-WHO,
   2018 WL 4904895 (N.D. Cal. Sept. 25, 2018) ............................................................................ 4

*Integra Lifesciences I Ltd. v. Merck KGaA*,
   331 F.3d 860 (Fed. Cir. 2003),
   *vacated on other grounds*, 545 U.S. 193 (2005) ......................................................................... 6

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ................................................................................................................ 3, 7

*LaserDynamics Inc. v. Quanta Computer Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) ................................................................................................... 6, 7

DocID: 4840-1565-8369.4

*Licea v. Curacao Drydock Co.*,
  627 F. App'x 343 (5th Cir. 2015) .................................................................................. 5

*Nuun v. State Farm Mut. Auto Ins. Co.*,
  No. 3:08-CV-1486-D,
  2010 WL 2540754 (N.D. Tex. Jun. 22, 2010) ............................................................... 2

*Pipitone v. Biomatrix Inc.*,
  288 F.3d 239 (5th Cir. 2002) ........................................................................................ 2

*Southard v. United Reg'l Health Care Sys. Inc.*,
  No. 7-06-CV-11-L,
  2008 WL 4489692 (N.D. Tex. Aug. 5, 2008) ....................................................... 3, 4, 5

*SSP Partners v. Gladstrong Invs. (USA) Corp.*,
  275 S.W.3d 444 (Tex. 2008) ..................................................................................... 4, 5

*Uniloc USA Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) .................................................................................... 8

*Watkins v. Telsmith Inc.*,
  121 F.3d 984 (5th Cir. 1997) ........................................................................................ 2

## **Rules**

Fed. R. Civ. P. 5(b)(2) ............................................................................................................ 11

Fed. R. Evid. 403 .................................................................................................................... 3

Fed. R. Evid. 702 ................................................................................................................ 2, 4

DocID: 4840-1565-8369.4

**I.    INTRODUCTION**

1. Defendants move this Court to exclude Mr. Robert Hutchins' expert report and enter an order precluding Mr. Hutchins from testifying at trial. Mr. Hutchins' opinions are based upon an incorrect statement of law by adopting the "single business enterprise" doctrine, which Texas courts have routinely rejected. Mr. Hutchins' reasonable royalty opinions should also be excluded because: He conducts his analysis under the incorrect hypothetical negotiation date and; his analysis provides a license that is greater than the alleged use in this case, and is thus not connected to the facts of this case.

2. Defendant Michael Dr. Karns ("Karns") owns Firebird Restaurant Group LLC ("FRG"), which owns six subsidiary restaurant brands[1], each of which operates under its own trademarks and identity and offers cuisine ranging from street tacos and burgers to authentic Mexican cuisine (the "Brand Restaurants"). The Brand Restaurants are each separate legal entities and each have their own bank accounts and separate profit and loss statements. Karns also owns Firebird IP LLC ("FIP"), which is a holding company whose sole purpose is to own intellectual property, including trademarks, used by FRG's Brand Restaurants. Although FRG provides some support services (e.g., payroll) to the Brand Restaurants and charges them at cost, FRG does not sell any goods or services to the consuming public.

3. Plaintiff, Firebirds International LLC (dba Firebirds Wood Fired Grill (FWFG))— alleges that Defendants infringe Plaintiff's "FirebirdS" family of marks through Defendants' use of FRG's business name and through a trademark application that FIP filed to provide restaurant management services for others (i.e., to other restaurants businesses, not to restaurant consumers). Plaintiff seeks both an injunction, forever barring Defendants from using their trade

---

[1] In 2008, FRG was formed to purchase El Fenix, which had been in operation since 1918. (App. 3 at 24:1-15.)

name, and monetary damages in the form of profits or a royalty on revenue.  Because FRG and FIP do not have any sales or revenue, Plaintiff instead seeks revenue from the separate legal entities, subsidiary Brand Restaurants, which do not use the Firebird name.  The parties do not currently compete in the same geographic markets.  Plaintiff admits it has not lost any sales or other revenue to Defendants.  Plaintiff has never licensed its name and has no idea what a comparable license would be.  The only evidence in support of Plaintiff's claim for a monetary award is the opinion of its retained expert, Mr. Robert Hutchins.  Mr. Hutchins opines that Defendants have been unjustly enriched by the profits from the sales of the Brand Restaurants, which do not use the Firebird name.

## II.    EXPERT TESTIMONY SHOULD BE EXCLUDED WHEN IT IS UNRELIABLE OR IRRELEVANT.

4. The Court decides *Daubert* motions in its role as gatekeeper under Fed. R. Evid. 702.  *See Nuun v. State Farm Mut. Auto Ins. Co.*, No. 3:08-CV-1486-D, 2010 WL 2540754, at *2 (N.D. Tex. Jun. 22, 2010) (citing *Pipitone v. Biomatrix Inc.*, 288 F.3d 239, 244 (5th Cir. 2002). Under *Daubert*, expert testimony is admissibly **only if** the proponent demonstrates that:  (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable.  *See Watkins v. Telsmith Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).  The party offering the expert bears the burden of satisfying these requirements.  *Crow v. United Benefit Life Ins. Co.*, No. CIV. A. 3:00CV1375G, 2001 WL 285231, at *4 (N.D. Tex. March 16, 2001).  In deciding whether to admit or exclude expert testimony, courts in this district typically consider five, non-exclusive, factors:

   1. Whether the theory or technique has been tested;
   2. Whether the theory or technique has been subjected to peer review and publication;
   3. The known or potential rate of error of the method used;

  4.  The existence and maintenance of standards and controls in the methodology; and

  5.  Whether the theory or method has been generally accepted by the scientific community.

*Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 593-94 (1993). These factors are not necessarily limited to scientific evidence and may be applicable to testimony offered by non-scientific experts, depending upon "the particular circumstances of the particular case at issue." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). In addition, Rule 403 of the Federal Rules of Evidence states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

### III. MR. HUTCHINS' OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE BASED ON AN INCORRECT STATEMENT OF LAW.

  5.  The entirety of Mr. Hutchins' report and opinions should be excluded because they depend upon an incorrect statement of law—namely that Plaintiffs are entitled to recover the sales and revenue of the Brand Restaurants, which do not use the Firebird name, because they are part of a single economic entity with Defendants.[2] "Incorrect statements of law are no more admissible through "experts" than are falsifiable scientific theories." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) (citing *Daubert*, 509 U.S. 579) (encouraging "exercise of the trial court's gatekeeper authority when parties proffer, through purported experts, not only unproven science, . . . but markedly incorrect law."); *see also Southard v. United Reg'l Health Care Sys. Inc.*, No. 7-06-CV-11-L, 2008 WL 4489692, at *2 (N.D. Tex. Aug. 5, 2008) ("[W]here

---

[2] Defendants first raised this issue in their Opposition to Plaintiff's motion to compel. (ECF No. 35.) Although the Court granted Plaintiff's motion, the Court did not address Defendants' argument regarding the single business entity doctrine. (Order, ECF No. 47.) Moreover, while Plaintiff brought its motion under the more-liberal discovery standards, here Mr. Hutchins seeks to hold the Brand Restaurants liable for Defendants' alleged use of the "Firebird" name.

as here, the expert's opinion is based on an erroneous legal premise, it is appropriate to exclude such testimony."); *Gulfstream III Assocs. Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 432 (3d Cir. 1993) (holding that defendants' evidence was properly excluded where it was contrary to the court's ruling on the type of damages available to plaintiffs); *Huawei Techs. Co. v. Samsung Elecs. Co.*, No. 3:16-CV-02787-WHO, 2018 WL 4904895, at *26 (N.D. Cal. Sept. 25, 2018) (finding expert's opinions "depend on incorrect statements of the law and are therefore excludable under Rule 702 because they will not help the trier of fact understand the evidence.")

6.   Mr. Hutchins' entire opinion must be excluded because it relies on incorrect statements of law regarding the "single business enterprise." (App. 11 at 16:2-16 (profits); App. 26 at 73:8-14 (royalty); App. 32 at 100:24-101:2 (royalty).)  "The 'single business enterprise' liability theory . . . applies whenever two corporations coordinate operations and combine resources in pursuit of the same business purpose."  *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 452 (Tex. 2008).  Texas courts "have never approved of imposing joint liability on separate entities merely because they were part of a single business enterprise."  *Id.* (collecting cases).  Mr. Hutchins does not contest that the only sales to restaurant patrons take place at the Brand Restaurant level.  (App. 15 at 29:14-30:3.)  Although Mr. Hutchins concedes that any revenue FRG has does not come from sales of food to the public, he nevertheless included all of the Brand Restaurants' sales as profits that Plaintiff may recover.  (App. 15-16 at 32:19-33:1.)  Most of the Brand Restaurants have never used the "Firebird" name.  Although he could have calculated the amount of profit for individual Brand Restaurants, he chose not to do so.  (App. 39 at 127:9-23.)  Mr. Hutchins instead attributes the entirety of the Brand Stores' revenue to FRG, and opines that Plaintiff is entitled to recover those sales.  (App. 11 at 16:2-16.)

7. Mr. Hutchins' justifies this decision solely on his belief that Defendants and the Brand Restaurants operate as a "single economic entity." (App. 17 at 40:4-10.) [3] Mr. Hutchins' belief that Defendants and the Brand Restaurants are a "single economic entity" is primarily based upon "[t]he fact that FRG does not have stand-alone financial statements," but rather reports financial results on a consolidated basis" with the Brand Restaurants. (App. 12 at 17:21-18:13.) Mr. Hutchins acknowledges, however, that one viable reason for FRG to submit a consolidated financial report is in order to present those financials in a more simplified manner for creditor or lenders. (App. 13 at 23:16-19.) Regardless, Texas courts have repeatedly rejected this "single economic entity." *See e.g.*, *SSP Partners*, 275 S.W.3d at 452 n.33 (collecting cases); *see also Licea v. Curacao Drydock Co.*, 627 F. App'x 343, 348 (5th Cir. 2015) ("The Texas Supreme Court has never endorsed this theory in any context."). Because Mr. Hutchins' opinions depend upon an incorrect statement of law, the entirety of his report and opinions should be excluded. *Southard*, 2008 WL 4489692 at *2 ("[W]here as here, the expert's opinion is based on an erroneous legal premise, it is appropriate to exclude such testimony.") Indeed, Mr. Hutchins admits that his opinions have no relevance if the Court excludes the opinions that rely on the single business entity doctrine:

> Q. If at trial the jury finds that Village Burger Bar, Snuffer's, La Ventana never infringed on the plaintiff's mark, your analysis of the defendants' profits would be of no use in that instance?
>
> **A. Again, I think they would also have to find that they would not -- that FRG does not operate as a single economic entity.**
>
> Q. Okay. If they find that to be the case, then your opinion would be of no use, correct?

---

[3] Defendants do not concede that the Brand Restaurants operate as a single economic entity. As Mr. Hutchins admitted during his deposition, The Brand Restaurants do not serve a common purpose, but actually compete against one another. (App. 20 at 49:5-22.) The only "common purpose" that Mr. Hutchins could identify was "to maximize their sales and profits." (App. 21 at 53:16-54:14.)

> A. If they find that FRG is not a single economic entity, then the defendants' profit that I calculate would not be derived from the infringing sales.

(App. 20 at 42:10-22 (emphasis added to identify testimony.)) Defendants thus respectfully request the Court exclude the entirety of Mr. Hutchins' report and opinions because they rely entirely on an incorrect statement of law; that Plaintiff is entitled to recover sales from the separate legal entity Brand Restaurants, which do not use the Firebird name and are not named defendants in this case, because they are a "single business enterprise" with FRG.

## IV.  MR. HUTCHINS' ROYALTY OPINIONS SHOULD BE EXCLUDED.

### A.  Mr. Hutchins Conducted His Analysis Using the Wrong Hypothetical Negotiation Date

8.  Mr. Hutchins' royalty opinions are unreliable and must be excluded because he did not conduct his analysis using the correct hypothetical negotiation date, but instead chose a date years after Defendants formed FRG and had invested in its name; significantly changing their hypothetical bargaining position. "The first step in a reasonable royalty calculation is to ascertain the date on which the hypothetical negotiation in advance of infringement would have occurred." *Integra Lifesciences I Ltd. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003), *vacated on other grounds*, 545 U.S. 193 (2005). "In general, the date of the hypothetical negotiation is the date that the infringement began." *LaserDynamics Inc. v. Quanta Computer Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012); *see also A & L Labs, Inc. v. Bou-Matic LLC*, No. CIV. 02-4862(PAM/RLE), 2004 WL 1745865, at *3 n.1 (D. Minn. Aug. 2, 2004) ("In the context of trademark infringement, hypothetical negotiations are considered at the time the infringement began."). "The correct determination of [the hypothetical negotiation] date is essential for properly assessing damages." *LaserDynamics, Inc. v. Quanta Computer Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012)  (citing *Integra Lifesciences I*, 331 F.3d at 870). "Were [the court] to permit a

later notice date to serve as the hypothetical negotiation date, the damages analysis would be skewed because, as a legal construct, [the court] seek[s] to pin down how the prospective infringement might have been avoided via an out-of-court business solution." *Id.* at 76. The failure to establish the correct date of hypothetical negotiation cannot be corrected, and where an expert fails to conduct his analysis using the correct date of hypothetical negotiation, the correct response is to exclude the expert's report in its entirety. *Cassidian Comm'n Inc. v. Microdata GIS Inc.*, No. 2:12-CV-00162-JRG, 2013 WL 11322510, at *2 (E.D. Tex. Dec. 3, 2013) (citing *Kumho Tire*, 526 U.S. at 152 (striking expert report in its entirety upon finding that the expert "employed a fundamentally flawed methodology in calculating reasonable royalty, such that the flaw cannot be cured by '[v]igorious cross-examination, presentation of contrary evidence, [or] careful instruction on the burden of proof.'"); *see also LaserDynamics*, 694 F.3d at 76-76 (remanding case for a new trial upon finding that the district court erred by setting an incorrect hypothetical negotiation date).

9. Defendants formed FRG in 2008 in order to acquire the El Fenix restaurant brand. (App. 3 at 24:5-15.) Plaintiff was made aware of Defendants' use of FRG in on June 9, 2008, when an industry professional sent a Firebirds' employee a news article that announced FRG's acquisition of El Fenix. (App. 42.)[4] Thus, the date of first alleged infringement is in 2008. Mr. Hutchins, however, chose 2013 as the date of the hypothetical negotiation. (App. 54-56 at ¶ 19; App. 25 at 69:20-25; App. 25 at 70:5-8) Mr. Hutchins' entire royalty opinion must therefore be excluded. *Cassidian Comm'n*, 2013 WL 11322510 at *2. Mr. Hutchins' error cannot be corrected. Between 2008 and 2013, Defendants created and opened the concept restaurant Meso

---

[4] Plaintiff alleges this very same type of conduct infringes Plaintiffs marks. (*See* Plaintiff's Mtn for Partial Summary Judgment, 25 (arguing that Defendants "advertise and promote their restaurants using 'Firebird' . . . [in] consumer and trade publications [and] press releases").)

Maya, were on the cusp of acquiring Snuffers' Restaurant, another iconic Dallas restaurant, and had significantly invested in FRG as an ownership company. (App. 4 at 60:3-18; App. 5, at 61:5-62:6.) It is axiomatic that Defendants' bargaining position would change from 2008 to 2013.

### B. Mr. Hutchins Did Not Tie His Proposed Reasonable Royalty Rate to the Facts of this Case.

10. Mr. Hutchins' royalty opinions are not admissible because they are not tied to the facts of this case. They do not consider the scope of Defendants' use of the "Firebird" name. To be admissible, expert testimony opining on a reasonable royalty must "sufficiently [tie the expert testimony on damages] to the facts of the case. If the patentee fails to tie the theory to the facts of the case, the testimony must be excluded." *Exmark Mfg. Co. v. Briggs & Stratton*, 879 F.3d 1332, 1349 (Fed. Cir. 2018) (quoting *Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011); *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 591 (1993)) (alteration in original)). Mr. Hutchins' royalty analysis is not tied to the facts of this case and must be excluded. A reasonable royalty is only available when it bears a rational relationship to the rights apportioned by the infringer. *See Choice Hotels Int'l Inc. v. Goldmark Hosp. LLC*, No. 3:12-CV-0548-D, 2014 WL 642731, at *14 (N.D. Tex. Feb. 19, 2014) (finding that a reasonable royalty method is available in trademark cases "assuming the royalty formula bears a rational relationship to the rights appropriated by the infringer.") Although Defendants do not operate any stores outside Texas or Oklahoma, Mr. Hutchins calculated his royalty formula by providing Defendants with nationwide rights. (App. 24 at 66:3-7.) Mr. Hutchins does not have an opinion what would be the reasonable royalty rate if the territory was limited to only Texas and Oklahoma. (App. 28 at 81:1-5.) Additionally, although Defendants have never used the mark with most of the Brand Restaurants, Mr. Hutchins' royalty formula assumes all the Brand

Restaurants will use the mark. For example, Mr. Hutchins testified that the license FRG would receive under his royalties analysis would allow FRG to use the Firebird mark in advertising for each Brand Restaurant. (App. 23, at 62:8-22.) Because Mr. Hutchins' royalty analysis bears no rational relationship to the rights Plaintiff alleges Defendants infringed, Mr. Hutchins' opinions are not tied to the facts of the case, and must be excluded.

## V. CONCLUSION

Defendants therefore respectfully request the Court exclude Mr. Hutchins' report and opinions for the reasons set forth above.

Respectfully submitted,

By: */s/ Richard A. Illmer*_____
     Richard A. Illmer
     Texas Bar No. 24007574
     Rick.Illmer@huchblackwell.com

**HUSCH BLACKWELL, LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
(214) 999-6100
(214) 999-6170 (*facsimile*)

Dustin L. Taylor
Texas Bar No. 24088510
Dustin.Taylor@huschblackwell.com

**HUSCH BLACKWELL, LLP**
120 South Riverside Plaza, Suite 2200
Chicago, Illinois  60606-3912
(312) 526-1517
(312) 655-1501 *(facsimile)*

**ATTORNEYS FOR DEFENDANTS
FIREBIRD RESTAURANT GROUP LLC,
FIREBIRD IP LLC, and MICHAEL D. KARNS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, I served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) via Electronic Service through the Southern District of Texas Electronic Case Filing System (ECF) as follows:

| | |
|---|---|
| Shannon Zmud Teicher | W. Thad Adams, III |
| Brian H. Oates | Christina Davidson Trimmer |
| Jackson Walker LLP | Samuel A. Long, Jr. |
| 2323 Ross Avenue, Suite 600 | Shumaker, Loop & Kendrick, LLP |
| Dallas, Texas  75201 | 101 South Tryon St., Suite 2200 |
| steicher@jw.com | Charlotte, North Carolina 28280-0002 |
| boates@jw.com | tadams@slk-law.com |
| | ctrimmer@slk-law.com |
| | along@slk-law.com |

*/s/ Dustin L. Taylor*
Dustin L. Taylor